IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LASHELL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-729-R |
| CREDIT SERVICE, INC., | ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is Plaintiff Lashell Johnson's Motion to Remand (Doc. No. 2). Defendant Credit Service, Inc. responded in opposition (Doc. No. 3). For the reasons set forth below, Plaintiff's Motion is DENIED.

This action originated in the District Court for Oklahoma County when Ms. Johnson filed a lawsuit against CSI for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") (Doc. No. 1, Ex. 1, ¶ 1).

Ms. Johnson alleges that CSI falsely reported that she had disputed a debt and that the dispute was later included in her credit reports (Doc. No. 1, Ex. 1, ¶ 11). Because of this alleged misstatement on her credit report, Ms. Johnson claims to have suffered actual damages "in the form of defamation, personal embarrassment, loss of money with postage, loss of productive time, emotional distress, frustration, creditworthiness, negatively effecting credit rating, purchasing power and amongst other negative emotions" (Doc. No.

1

1, Ex. 1, ¶ 12). Ms. Johnson seeks actual and statutory damages, as well as costs and attorneys' fees (Doc. No. 1, Ex. 1, p. 4).[1]

CSI timely filed its Notice of Removal pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction (Doc. No. 1, ¶ 3). *See* 28 U.S.C. § 1331. Ms. Johnson now moves to remand, arguing that removal was improper because CSI failed to assert that Ms. Johnson has Article III standing in its Notice of Removal, and alternatively, that she alleged no concrete injury in her Petition (Doc. No. 2, p. 2).

To be removable, a case must be one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Ms. Johnson does not dispute that the court has original jurisdiction over this action based on federal question jurisdiction (*see* 28 U.S.C. § 1331), yet she nevertheless contends that the action must be remanded for lack of standing (Doc. No. 2, p. 2).

Contrary to Ms. Johnson's assertion, CSI was not required to include grounds for standing in its Notice of Removal. *See Mittenthal v. Florida Panthers Hockey Club, Ltd.*, 472 F.Supp.3d 1211, 1221 (S.D. Fla. 2020) ("The removal statute never requires a removing defendant to establish—or even allege—the plaintiff's standing in the removal notice"). Rather, under 28 U.S.C. § 1446(a), a notice of removal requires only "'a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v.*

---

[1] Ms. Johnson's Motion to Remand inaccurately summarizes the facts of the claim set forth in the Petition, and inaccurately states that Ms. Johnson seeks no actual damages. (Doc. No. 2, pp. 3-4). Both are counter to the allegations of the Petition. (Doc. No. 1, Ex. 1). The Court instructs Ms. Johnson to accurately recite the facts of her case in motions before this Court. The Court uses the allegations as stated in the Petition for this Order.

2

*Owens*, 574 U.S. 81, 87 (2014) (internal citations and quotations omitted). CSI met this standard because it asserted federal jurisdiction under 28 U.S.C. § 1331 (Doc. No. 1, p.1). Therefore, because CSI was not required to allege Ms. Johnson's standing, and the Notice of Removal meets the requirements of 28 U.S.C. § 1446(a), Ms. Johnson's first argument fails.

Ms. Johnson's second argument is that CSI cannot establish that she suffered a concrete and particularized injury to have Article III standing. The Court similarly disagrees.

Standing under Article III requires an injury that is "[1] concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013) (internal citations and quotations omitted). "The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]," and each element of standing requires proof "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations and quotations omitted). Additionally, "'Article III standing requires a concrete injury even in the context of a statutory violation.'" *TransUnion v. Ramirez*, 594 U.S. 413, 426 (2021) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)). "If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *Id*. at 425.

CSI—as the party seeking federal jurisdiction—has met its burden of establishing standing. CSI points to paragraph 12 of the Petition, which alleges actual damages in the form of loss of money with postage and loss of productive time (Doc. No. 1, Ex. 1, ¶ 12).

3

These are monetary damages that traditionally "provid[e] a basis for a lawsuit in American courts." *TransUnion*, 594 U.S. at 417 (internal citations and quotations omitted). Therefore, a concrete injury has been alleged and Article III standing at this stage of the litigation has been established.

## I. Conclusion

Accordingly, Ms. Johnson's Motion to Remand (Doc. No. 2) is DENIED.

IT IS SO ORDERD this 9th day of September, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE